# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIVISION

KERRY LYNN CHAPPELL,     )
                             )
       Plaintiff,        )
                             )
v.                      )
                             )     CV417-240
NANCY A. BERRYHILL,     )
Acting Commissioner of     )
Social Security,        )
                             )
       Defendant.     )

## REPORT AND RECOMMENDATION

Plaintiff Kerry Lynn Chappell seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance Benefits (DIB).

## I.   GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's

decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

. . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id*. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id*. § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id*. § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id*. § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work. *Id*. § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical

---

[1] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id*. (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec*., 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

Vocational Guidelines or by obtaining the testimony of a
[Vocational Expert (VE)].

*Stone v. Comm'r of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir.
2015) (footnote added).

## II. ANALYSIS

Chappell, who was 46 years old when her DIB claim was denied,
alleges disability beginning on January 27, 2012.  Tr. 16.  She has a
tenth grade education, a GED, and past job experience as a parking lot
attendant and waitress.  Tr. 37, 39 & 150.  After a hearing, the ALJ
issued an unfavorable decision.  Tr. 16-25.  He found that Chappell's
bipolar disorder and "depression/anxiety" constituted severe
impairments but did not meet or medically equal a Listing.  Tr. 18-21.
The ALJ thus found that Chappell retained the RFC for light work except
she could only perform work with an SVP[2] of 1-2 that is routine in nature
with few changes, and while Chappell can tolerate occasional
interactions with the public, co-workers, and supervisors, she is "better
off" working alone.  Tr. 21.  Plaintiff, he determined, could not perform

---

[2]   Specific Vocational Preparation (SVP) is the amount of lapsed time required by a
typical worker to learn the techniques, acquire the information, and develop the facility
needed for average performance in a specific job-worker situation.  DOT, App.  C.

her past relevant work but could perform the requirements of representative work such as cafeteria attendant and stock checker, both light work with an SVP of 2.   Tr. 25.   Chappell disagrees, arguing that the ALJ erred in his evaluation of the medical testimony and plaintiff's credibility.   Docs. 10 & 12.

An ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence, 20 C.F.R. §§ 416.927(d)(2), 946(c), based on the entire record, 20 C.F.R. §§ 404.1520a (evaluation of mental impairments), 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony).   The RFC represents the most a claimant can do despite her limitations, SSR[3] 96-8p, and it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole.   *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctor's."); *see* 20 C.F.R.

---

[3]   Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted."   20 C.F.R. § 402.35(b)(1).   SSRs are entitled to deference, but are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations").

§ 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) (the ALJ has the responsibility for determining a claimant's RFC).   And the ALJ can distill a claimant's RFC from an amalgamation of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation.   *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record").

## A.    Chappell's Subjective Testimony

The ALJ found Chappell less than fully credible because her treatment regimen (group therapy) did not comport with her alleged symptoms, she was irregular with her medication regimen, her presentation at the hearing was at odds with her alleged symptoms, her statements were internally inconsistent, and, having testified to experiencing many of her symptoms since childhood, nothing supported a worsening of her mental functioning "that would warrant a new

inability to be employed." Tr. 22. Of course, plaintiff's inability to afford her medication, resulting in her "stretching out" her medication to last between appointments or forgoing prescriptions (*e.g.*, tr. 333, 536), cannot be considered discrediting. *See* SSR 16-03p; *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988). And a reluctance to participate in group therapy is not noncompliance, particularly given plaintiff's considerable record of attendance at therapy sessions. *See* tr. 448-51. Her ability to function on relatively little (self-reported) sleep each night since childhood (*see* tr. 467) and to work at less-than substantial gainful activity levels for several years while dealing with her anxiety symptoms (*see* tr. 35, 38-39, 140, 275) does not exactly demonstrate that she can now work full time. Finally, the fact that Chappell mustered a calm exterior for a twenty-minute hearing does not demonstrate her ability to sustain full time employment. *See* SSR 96-8p.[4]

    But Chappell's inconsistent statements, despite her minimization,

---

[4]    The Court also credits Chappell's dispute with the ALJ's use of the plural "embellishments," given that only one case of exaggerating can be found in the record. Tr. 22. As the ALJ articulated at least one valid reason for discounting her testimony, however, the misstatement is harmless. *E.g., Carson v. Comm'r of Soc. Sec. Admin.*, 300 F. App'x 741, 746 n. 3 (11th Cir. 2008) (applying harmless error analysis to social security appeals where the record does not indicate that a legal error "affected the ALJ's decision").

*are* explicit and adequate reasons for an adverse credibility finding.   *See* 20 C.F.R. §§ 404.1529, 416.929(b).   She reported three different versions of the loss of her job.   She reported anticipating being laid off to one provider, and then told others that she was either fired or walked off the job because she couldn't take the stress.   Tr. 22.   Chappell considers these conflicting statements unimportant to her credibility, as she never failed to mention feeling overwhelmed and anxious (doc. 10 at 20), but inconsistencies are inconsistencies.   And they are enough for the ALJ to find her less than fully credible.   Chappell is simply asking the Court to reweigh the ALJ's credibility finding, and it is the function of the Commissioner, and not the court, to pass on the credibility of witnesses. *Taylor v. Comm'r of Soc. Sec. Admin.*, 213 F. App'x 778, 779 (11th Cir. 2006); *Cartwright v. Heckler*, 735 F.2d 1289, 1290 (11th Cir. 1984); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir. 1983).   "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."   *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

Substantial evidence supporting the ALJ's articulated reasons is all that is required to uphold the ALJ's decision, and, here, the record

contains evidence supporting the ALJ's reasoning — other possible outcomes notwithstanding. *See Adefemi*, 386 F.3d at 1027; *Foote*, 67 F.3d at 1561-62; *Jones v. Dep't of Health & Hum. Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). The ALJ did not err in discounting plaintiff's statements regarding the intensity, persistence, and duration of the limitations imposed by her symptoms, *see both* SSR 96-7p *and* SSR 16-3p, and his credibility finding should be affirmed.

### B.    LCSW Edward Parks' Lay Testimony

Licensed social worker (LCSW) Edward Parks opined, in an agency-provided checklist form submitted without explication or supporting medical records reflecting the course of his treating relationship with plaintiff, that Chappell was unable to work. Tr. 559. Specifically, he opined she was slightly limited in her ability to sustain an ordinary routine without special supervision, behave in an emotionally stable and socially appropriate manner, maintain extended attention; moderately limited in her ability to get along with coworkers, deal with simple instructions, consistently follow rules, and consistently show up for work; and severely limited in her ability to accept or respond to criticism, stress, and changes in routine, deal with detailed or complex instructions, work

in coordination with others without becoming distracted, and respond appropriately to the general public.   *Id.* at 559-60.   Indeed, he concluded, Chappell could not be expected to complete a normal workday and workweek.   *Id.* at 560.

Parks offers in support only that he saw Chappell eleven times over the course of the past fourteen months, that she tried and failed three times to work in that time, and refers to her self-report that her anxiety "became fully debilitating since her husband's heart attack in 2011."   *Id.* at 561.   He expected her "anxiety management and distress tolerance" to continue improving with medication management and individual counseling.   *Id.*   No other Parks-authored records are in the administrative record, though some of Chappell's other records from Savannah Counseling (SCS) — where Park practiced — are.

The ALJ discounted Parks' opinion as inconsistent with the record, in particular Chappell's largely normal GAF[5] scores assigned by other

---

[5]   The Global Assessment of Functioning (GAF) scale score is a numeric scale (1 through 100) used by mental health clinicians and physicians to rate subjectively the social, occupational, and psychological functioning of adults.   Diagnostic and Statistical Manual of Mental Disorders IV, American Psychiatric Association (4th ed. 2000) at 34.   The Commissioner, however, "has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs' and has indicated that GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings.'"   *Wind v. Barnhart*, 133 F. App'x 684, 692 n. 5 (11th Cir. 2005) (citing 65

practitioners.   Tr. 23-24.   He also pointed out that Parks' treatment records were not in the file to support the severe limitations he identified. *Id.* at 23.   Plaintiff encourages the Court to examine the other records from Savannah Counseling that support her alleged limitations, emphasizing other practitioners' observations to bolster Parks' opinion. Doc. 10 at 8-13.   She glosses over the dearth of Parks' own treatment notes, arguing that the absence "does not make his conclusions less worthy of weight since he treats Chappell at SCS and the notes from the treating psychiatrists and nurses at SCS, beginning in 2009, are in the record." *Id*. at 8.

Licensed clinical social workers, of course, are not "acceptable medical sources" under the regulations, *see* 20 C.F.R. § 416.913(a) ("acceptable medical sources" include physicians, psychologists, and other

---

Fed. Reg. 50746, 50764-65 (Aug. 21, 2000)).   Indeed, in the Fifth Edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM-5) (5th ed. 2013), "[i]t was recommended that the GAF be dropped from DSM-5" entirely, due to "its conceptual lack of clarity . . . and questionable psychometrics in routine practice." DSM-5 at 16.   The Social Security Administration itself cautions that an individual's "GAF score is never dispositive of impairment severity."   Soc. Sec. Admin., Global Assessment of Functioning (GAF) Evidence in Disability Adjudication, AM-13066 (July 22, 2013), REV (Oct. 14, 2014); *see also id.* at § E (because a GAF rating is only a "snapshot," it "does not provide a reliable longitudinal picture of the claimant's functioning for a disability analysis" unless the clinician "clearly explains the reasons behind his or her GAF rating, and the period to which the rating applies.").

medical professionals"); thus their opinions are not accorded the same consideration.   SSR 06-03, p7; 20 C.F.R. §§ 404.1513(d) & 416.913(d). Because they are not acceptable medical sources, LCSWs' testimony is weighed the same as any other lay witness.   *See, e.g., Anteau v. Comm'r of Soc. Sec.*, 708 Fed. App'x 611, 613 (11th Cir. 2017); *Colon v. Colvin*, 2013 WL 4890312 at * 2 (M.D. Fla. Sept. 11, 2013).   And all that is required of an ALJ regarding non-medical source evidence is that the evidence be considered.   *See* 20 C.F.R. §§ 416.926, 416.926a, 416.927, 416.929.   The ALJ need only provide "arguably germane reasons" for dismissing an LCSW's lay testimony, even if he does "not clearly link [his] determination to those reasons."   *Carter v. Colvin*, 2017 WL 360926 at *2 (S.D. Ga. Jan. 3, 2017) (quoting *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) and *Cole v. Comm'r of Soc. Sec.*, 2012 WL 4077233 at *4 (M.D. Fla. Sept. 17, 2012)).

The failure of a LCSW to back his opinion with commentary or evidentiary support is a valid, germane reason to reject that testimony. *Carter*, 2017 WL 360926 at *2.   Indeed, a conclusory checklist without supporting rationale is not enough for an *acceptable* medical source.   *See, e.g., Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJs may reject a treating physician's opinion if it is conclusory, brief,

and unsupported by the record as a whole), quoted in *Aguilar v. Comm'r of Soc. Sec.*, 2013 WL 1680515 at *9 (E.D. Cal. Apr. 17, 2013) (affirming ALJ's rejection of a physician's "checklist-style form" that "did not provide objective clinical or diagnostic findings to support the functional assessment."). Certainly, such conclusory, unsupported findings are insufficient to accord significant — much less controlling[6] — weight to a lay witness. The ALJ did not err in discounting Parks' checklist testimony.[7]

### C.   Consultative Examiner John Whitley, M.D.

In a psychological consultative examination for the agency, Dr. John Whitley opined that, while currently "much more stable" than she had been while working a "stressful" job, Chappell "may be" vulnerable to decompensate under excessive stress, demand, and changes during a typical workday and "may" function best in a home-based work

---

[6]   Even had the ALJ erred in discounting Parks' testimony, his opinion would not be entitled to controlling weight. Neither party addressed the issue, but at best Parks' opinion would merely inform — not direct — the ALJ's RFC analysis as one more piece of the record.

[7]   Because the ALJ articulated a germane reason for discounting Parks' testimony, the Court need not evaluate his other reasons provided for discrediting the severe limitations Parks endorsed. However, the Court notes that GAF scores are a part of the record that *may* always be considered by the ALJ in his assessment. *See, e.g.*, *Marshall v. Colvin*, 2015 WL 4943895 at *2 (S.D. Ga. Aug. 17, 2015).

environment.   Tr. 395.   The ALJ discredited Dr. Whitley's opinion as being largely based on Chappell's assertions that she cannot handle stress, coworkers, and the public and as inconsistent with her appearance at the examination.   Tr. 23.   The Court, however, need not evaluate whether the ALJ articulated valid reasons to discount Dr. Whitley's opinion.   *Even if* fully credited, plaintiff has not identified, with specificity, what about the RFC assessment would change.

Indeed, plaintiff contends that the ALJ should have "include[d] a limitation on Chappell's ability to deal with workplace demands" in the RFC.   Doc. 10 at 16.   But the ALJ did.   The ALJ assessed Chappell as being capable of "routine" work with "few changes" at an SVP of 1-2 (in other words, limited to simple, routine work, *see Lane v. Berryhill*, 2017 WL 976923 at *7 (S.D. Ga. Feb. 16, 2017)), limited to only occasional interpersonal interactions and "better off working alone."   Tr. 21.

How that is contrary to Dr. Whitley's vague postulations that Chappell "may" have difficulties with excessive stress, demand, and changes in a workday and "may" be better in a home-based environment is left to the Court's imagination.   And, as this Court has articulated — over and over again — a plaintiff "waive[s] all challenges to the ALJ's

decision except the one[s] briefed." *Jones ex rel. Martensen v. Colvin*, 2015 WL 4770059 at *3 n. 3 (S.D. Ga. Aug. 12, 2015) (citing *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App's 855, 856 n. 1 (11th Cir. 2013)).   And this Court will not, on its own, hunt down any such reasons.   *See, e.g. United States v. Dunkel*, 927 F.3d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").   Plaintiff has not demonstrated any error in the ALJ's credibility assessment.

## D.   The Agency's Psychological Consultants

In an agency-provided checklist form, the agency experts Drs. Irma Best and Vicki Prosser opined (by checking boxes) that Chappell was moderately limited in her ability to understand, remember, and carry out detailed instructions, to concentrate and persist, to sustain an ordinary work routine or maintain regular attendance, work in close proximity to others without becoming distracted, accept and respond appropriately to criticism, complete a regular workday.   Tr. 52-54, 65-66.   After completing the checklist both reviewing physicians noted, however, that Chappell could understand, remember, and carry out simple instructions and "can complete a normal 40-hour week of work without excessive interruptions from psychological symptoms, can relate appropriately to

coworkers and supervisors on a limited basis and can adapt to a job setting."  Tr. 54; *aff'd* tr. 66-67.

The ALJ discounted the agency physicians' opinion as being largely based on Chappell's self-reports and inconsistent with the record as a whole.  Tr. 23.  Even were this error, however, the Commissioner argues that plaintiff would not benefit from fully crediting their opinions.  After all, the checklist form completed by the reviewing physicians is part of a worksheet that "does not constitute the [doctors' actual] RFC assessment."  Doc. 11 at 14 (*quoting* the Commissioner's Programs Operations Manual System (POMS) DI § 24510.060(B)(2)).  "Checking the box 'Moderately Limited' means only that the claimant's capacity is impaired; it does not indicate the degree and extent of the limitation." *Land v. Comm'r of Soc. Sec.*, 494 F. App'x 47, 49 (11th Cir. 2012).  Only the elaborated narrative at the end of the form is to be considered as the physicians' opinion on a claimant's limitations.  *Id*.

Clearly, the narrative portion at the end of the reviewing physicians' opinion does not contradict the ALJ's assessment of Chappell's residual functional capacity.  Chappell argues that one of the checks, indicating that she is unable to work without "special supervision," should have been

incorporated into the RFC assessment and presented to the VE regardless. Doc. 10 at 16; doc. 12 at 9.   The VE, she believes, would have testified that there is no competitive work for an individual limited to simple, routine tasks and requiring special supervision, thus compelling a disability finding.   *Id*.   Had the reviewing physicians not believed her to be so limited, they would not have taken the time to opine to her need for close supervision to accomplish simple, noncomplex, nondetailed work.

A fully-credited physician's opined checklist limitation to require special supervision is not *per se* inconsistent with an RFC assessment restricting plaintiff to simple, routine work and making no special supervision finding, where the physician explains his reasoning for imposing a close supervision limitation or the ALJ explains his rejection of it.   *E.g., Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014); *Hourihan v. Comm'r of Soc. Sec.*, 2017 WL 958388 at * 5 (M.D. Fla. Mar. 13, 2017); *Richardson v. Colvin*, 2015 WL 1000249 at * 4 (M.D. Ga. Mar. 5, 2015).   Here, however, the inconsistency is completely unexplained.   Neither reviewing physician elaborated on their opinion of plaintiff's ability to work without close supervision, and the ALJ made no findings on her ability to forgo close supervision.

Had their opinions been fully credited, remand would be required for reconsideration. *Gray v. Colvin*, 2015 5567551 (N.D. Ga. Sept. 22, 2105) (remanding because the ALJ had accorded "significant weight" to the reviewing physicians' opinions that included a checklist special supervision limitation; the doctors had not explained their opinion in the narrative section, the ALJ failed to explicitly consider the limitation despite fully crediting their opinions, and the RFC failed to account for it at all). These opinions, however, were not fully credited. Tr. 23. The ALJ discredited both nonexamining, reviewing physicians' opinions in their entirety as being based largely upon plaintiff's own, properly discredited testimony. *See supra*, § II.A; *see generally* 20 C.F.R. § 404.1527. The ALJ was thus not required to fully credit, and incorporate into the RFC assessment, any supervision limitation.[8]

---

[8]   Even then, theirs are the *only* opinions in the record hinting that plaintiff requires more than normal supervision — her own testimony, and that of her husband, militate towards a finding that close proximity to supervisors is stressful for her and hinders her ability to complete a workday — and nonexamining, reviewing physicians' opinions, "standing alone[,] do not constitute substantial evidence." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987). And, it must be remembered, "'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.'" *Mitchell v. Comm'r*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer*, 395 F.3d at 1211).

In sum, the ALJ did not err in his assessment of plaintiff's mental health functioning.

## III.  CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Given the lapse in government appropriations, this matter has been stayed by the district judge.  Doc. 14.  Therefore, **within 14 days of the lifting of the administrative stay** in this case, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this  15th  day of January, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA