# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

KERRY CHAPPELL,

    Plaintiff,

v.

NANCY BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO.: 4:17-cv-240

## O R D E R

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's January 15, 2019 Report and Recommendation, (doc. 15), to which objections have been filed (doc. 19). Accordingly, Court **OVERRULES** plaintiff's objections, **ADOPTS** the Report and Recommendation as supplemented herein as the opinion of the Court, **AFFIRMS** the Acting Commissioner's final decision, and **DIRECTS** the Clerk of Court to **CLOSE** this case and **ENTER** final judgment in favor of the Acting Commissioner.

Plaintiff, who was 46 years old when the ALJ issued his opinion,[1] disputes the Report and Recommendation affirming the ALJ's credibility finding because the Magistrate Judge cited an unpublished case, *Carson v. Comm'r of Soc. Sec. Admin*, 300 F. App'x 741 (11th Cir. 2008), cited in doc. 15 at 6 n. 4. (Doc. 19 at 2.) Of course, simply because the Court encourages Social Security claimants to cite to binding authority (*see* doc. 3 at 3 (Court's General Order for Social Security Appeals)), does not prohibit the Court from citing such persuasive authority. *See, e.g.,*

---

[1] Plaintiff correctly points out the typographical error in the Magistrate Judge's Report and Recommendation, which incorrectly identified her age as 36. (Doc. 19 at 6.)

11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). Particularly for a noncontroversial rule statement like "[a]s the ALJ articulated at least one valid reason for discounting [plaintiff's] testimony, however, the misstatement is harmless." (Doc. 15 at 6. n. 4.) As plaintiff herself notes, the law of this Circuit is that an ALJ's "misstatements are harmless where they do not affect the outcome." (Doc. 19 at 2, citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983).)

The Magistrate Judge concluded that the ALJ permissibly pointed to three differing descriptions of plaintiff's termination from her last job (*i.e.*, that she was going to be laid off, that she was fired, and that she walked off the job because she couldn't handle the stress, tr. 22) as being inconsistent. (Doc. 15 at 6-7.) *See Perez Guerrero v. Colvin*, 2016 WL 4807953 at *6 (S.D. Fla. Mar. 23, 2016) ("Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment.") (quote and cite omitted)). And plaintiff — though admitting that her statements about leaving her last job "are not identical" — attempts, yet again, to have this Court reweigh the ALJ's credibility finding. That it cannot do, *even if* it might have, in the first instance, reached a contrary conclusion. (Doc. 15 at 7, collecting citations; *see* tr. 275-76 (affidavit from Chappell's employer affirming her self-reported mental difficulties with working).) After all, "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004); *Powell v. Heckler*, 773 F.2d 1572 (11th Cir. 1985) (when the Commissioner articulates adequate reasons for rejecting a claimant's testimony, this Court may not substitute its own judgment for that of the Commissioner). And, of course, even if plaintiff is correct that the

ALJ gave multiple improper reasons for discounting her credibility, the articulation of one specific, valid reason means that the outcome would be unchanged. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 118-59 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.").

Chappell also disputes the Magistrate Judge's rule statement for the review of medical opinion evidence, emphasizing that an ALJ cannot substitute his own opinion for that of a competent, acceptable medical source. (Doc. 19 at 4-5.) While she is certainly correct on that point of law, the Magistrate Judge did not err by affirming the ALJ's rejection of Licensed Social Worker Edward Parks' unsupported, conclusory checklist opinion. First, Parks is a non-acceptable medical source and thus — though plaintiff would have it otherwise — his opinion is not entitled to the same weight or credibility analysis as any physician or other acceptable medical source. (Doc. 15 at 10-11, citing 20 C.F.R. § 416.913(a), SSR 06-03, p. 7; 20 C.F.R. §§ 404.1513(d) & 416.913(d).) As explained in the Report and Recommendation, all that is required of an ALJ regarding non-medical source evidence is that the evidence be considered. (*Id.*, citing, *inter alia*, 20 C.F.R. §§ 416.926, 416.926a, 416.927, 416.929.) And the ALJ properly rejected Parks' opinion because it was offered without even the slightest hint to his own observed supporting clinical signs or symptoms or any objective medical testing. (*Id.*, at 11-12, citing *Carter v. Colvin*, 2017 WL 360926 at *2 (S.D. Ga. Jan. 3, 2017).) Chappell's protest, that the ALJ could have relied upon Parks' opinion if only he had searched the record for evidence to support it, misunderstands both the nature of the ALJ's role and the weight Dr. Parks' opinion would be entitled to even had it been fully credited. (Doc. 15 at 11-12 (explaining that "a conclusory checklist without supporting rationale is not enough for an *acceptable* medical

source"), *id.* at n. 6 (reiterating that Parks is *not* an acceptable medical source).)

Finally, plaintiff disputes the Magistrate Judge's finding that Chappell failed to identify what about the ALJ's RFC assessment would change had he fully credited consultative examiner Dr. John Whitley's opinion that Chappell "may be" vulnerable to decompensate under excessive stress, demand, and changes during a typical workday and "may" function best in a home-based environment. (Doc. 15 at 13, citing tr. 395.) Plaintiff contends that the Court improperly did the ALJ's job for him by noting she had not demonstrated any error in failing to fully credit Dr. Whitley's opinion. (Doc. 19 at 5-6.) But the Court cannot remand for reconsideration as an intellectual exercise. There must be some error to warrant remand. Plaintiff still does not show that the ALJ erroneously formulated his RFC, even had the non-concrete, suggestive limitations of Dr. Whitley's opinion been fully credited. (*See* doc. 15 at 13-14, citing tr. 21 (ALJ's RFC assessment limiting Chappell to "routine" work with "few changes" at an SVP of 1-2 (simple, routine work), and also limiting her to only occasional interpersonal interactions and recommending she would be "better off working alone.") and noting plaintiff had not hinted how these restrictions were inconsistent with Dr. Whitley's suggestions that she "may be" vulnerable to decompensation and "may" function best at home.) Put differently, the Magistrate Judge did not provide a post-hoc rationale for the ALJ's decision. (Doc. 19 at 6.) Rather, the Court found that plaintiff had not shown why — even had the ALJ erred — remand was required to reconsider Dr. Whitley's opinion. (Doc. 15 at 13-14.) She still has not.

For all of these reasons as well as those stated by the Magistrate Judge, the Court **AFFIRMS** the Commissioner's decision.

**SO ORDERED**, this 1st day of March, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA